IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES HARRIS SHARPLEY, #235 742, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:15-CV-356-MHT [WO] |
| RACHAEL MURPHY MORGAN, | ) ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, files this 42 U.S.C. § 1983 action against attorney Rachel Morgan ["Morgan"]. Plaintiff claims Morgan failed to ensure that he underwent a competency evaluation as ordered by the trial judge and instead insisted on having him sign a plea bargain. Plaintiff contends that counsel's conduct caused him to be wrongfully imprisoned as he has on three previous occasions been found incompetent to stand trial in the same court. Plaintiff seeks $75,000 in damages for each year he has been wrongfully imprisoned. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

*A. Defendant Morgan*

Plaintiff files his complaint against the attorney representing him during his criminal court proceedings before the Circuit Court for Madison County, Alabama. An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *Am. Manuf. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Willis v. Univ. Health Serv., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Am. Manuf.*, 526 U.S. at 50 (emphasis in original) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").

Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Defendant Morgan are frivolous because they lack an arguable basis in la *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Such claims are, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

*B. The Challenge to Plaintiff's Conviction*

To the extent Plaintiff's claims regarding trial counsel's performance attempt to challenge the validity of the criminal conviction entered against him by the Circuit Court for Madison County, such claims may not proceed in a § 1983 action. Plaintiff's claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the inmate can

3

demonstrate the challenged action has been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. *Id*. at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser*, 411 U.S. at 489. The *Balisok* Court "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

Plaintiff's claims against Morgan represent a challenge to the constitutionality of his criminal conviction. A judgment in favor of Plaintiff would imply the invalidity of this conviction. It is clear from the complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on that conviction is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok*, 520 U.S. at 645-46; *Heck*, 512 U.S. at 487; *Preiser*, 411 U.S. at 488-90. Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims against Rachael Morgan be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. To the extent Plaintiff's claims seek to challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court for Madison County, Alabama, such claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not properly before the court at this time;

3. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 15, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE